UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIME-SENSITIVE MOTION**

| | |
|---|---|
| **FLORIDA GROWERS ASSOCIATION, INC.,** <br> **NATIONAL COUNCIL OF AGRICULTURAL EMPLOYERS,** <br> **FLORIDA CITRUS MUTUAL,** <br> **FLORIDA FRUIT & VEGETABLE ASSOCIATION,** <br> **G & F FARMS, LLC, and** <br> **FRANBERRY FARMS, LLC,** <br><br> Plaintiffs, <br><br> v. <br><br> **JULIE A. SU, Acting Secretary of Labor,** <br> **BRENT PARTON, Principal Deputy Secretary of Labor** <br> **BRIAN PASTERNAK, Administrator of the Office of Foreign Labor Certification, and** <br> **JESSICA LOOMAN, Acting Administrator, Wage and Hour Division,** <br><br> Defendants. | No. 8:23-cv-00889-CEH-CPT |

**MOTION OF JAMES SIMPSON, STEPHANUS DE KLERK, AND FARMWORKER JUSTICE FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION**

James Simpson, Stephanus De Klerk, and Farmworker Justice hereby move for leave to file the attached brief as amici curiae in support of defendants' opposition to plaintiffs' motion for a preliminary injunction against the U.S. Department of Labor's (DOL) Final Rule, *Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 Fed. Reg. 12,760 (Feb. 28, 2023) ("the 2023 Rule"). Defendants consent to the filing of the amicus brief; Plaintiffs oppose the filing of the amicus brief.

## INTERESTS OF MOVANTS

The 2023 Rule revises the methodology by which DOL determines the hourly Adverse Effect Wage Rate (AEWR) paid by H-2A employers. Movants Simpson and De Klerk are two agricultural workers whose wages would be depressed if Plaintiffs' requested relief were granted. Movant Farmworker Justice is a national nonprofit organization that advocates on behalf of, and provides assistance to, farmworkers who would be affected by an injunction against the 2023 Rule.

Mr. Simpson is a U.S. citizen who resides in Sunflower, Mississippi. He earns his living as a truck driver, hauling harvested agricultural commodities over public highways from farms to storage or processing facilities. For over a decade, he has worked for a grower participating in the H-2A program and plans to either

return to that job or accept other work as a truck driver for an H-2A grower in his area this harvest season. In practice, the AEWR serves as the minimum wage for this work. *See* 20 C.F.R. § 655.120(a) (providing that an H-2A employer must pay the highest of the AEWR, any prevailing wage rate, the collective bargaining wage, the federal minimum wage, or the state minimum wage). Under the methodology required by the 2023 Rule, the AEWR would be higher than under the methodology set by existing regulations. *See, e.g.*, 88 Fed. Reg. at 12,771–12,772, 12,775, 12,777–12,778 (giving examples of when the AEWR under the new regulation will be higher than the AEWR under the superseded regulation).

Mr. De Klerk is a citizen of the Republic of South Africa. He has been employed in the United States as an H-2A guestworker since 2010. He is currently employed in Arkansas as an H-2A worker under an employment contract that extends from March through November of 2023. Mr. De Klerk's duties at his current job include driving trucks off the farm property and performing routine machinery maintenance and repair. He is presently paid at a rate of $13.67 per hour for his work. Under the 2023 Rule, the minimum wage he could be paid would likely increase to $22.76 per hour for work as a farm mechanic (SOC Code 49-3041) and $20.45 per hour for work as a light truck driver (SOC Code 53-3033). *Compare* 87 Fed. Reg. at 77,142 (setting 2023 AEWR of $13.67 per hour for Arkansas), *with* BLS, May 2022 State Occupational Employment & Wage

3

Estimates: Arkansas, https://www.bls.gov/oes/current/oes_ar.htm (listing OEWS for SOC Code 53-3033 as $20.45/hour and for SOC Code 49-3041 as $22.76/hour).

Farmworker Justice is a national nonprofit organization, founded in 1981, that works with farmworkers and their organizations throughout the nation to, among other things, improve wages and working conditions. In addition to work at the policy level, Farmworker Justice provides legal advocacy, training, and technical assistance to farm labor unions, other farmworker organizations, attorneys, migrant health centers, job training programs, and immigrant advocacy groups.

## ARGUMENT

"[D]istrict courts have inherent authority to appoint *amicus curiae*, or to grant leave to appear as an *amicus curiae*, at the discretion of the court." *Mason v. City of Huntsville*, No. CV-10-S-2794-NE, 2012 WL 12903100, at *4 (N.D. Ala. May 7, 2012); *accord Fishing Rts. All., Inc. v. Pritzker*, No. 8:15-cv-1254-MSS-MAP, 2016 WL 11491618, at *3 (M.D. Fla. June 8, 2016). In exercising that discretion, courts "consider 'whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties briefs.'" *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312-WSD-JCF, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (quoting *Voices for*

4

*Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). District courts frequently allow amicus participation at the preliminary injunction stage. *See, e.g.*, *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131, 1141) (M.D. Ala. 2022); *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, 587 F. Supp. 3d 1222, 1237 n.2, 1238 n.4 (N.D. Ga. 2022); *Planned Parenthood of Greater Texas Surgical Health Servs. v. City of Lubbock*, 542 F. Supp. 3d 465, 475 (N.D. Tex. 2021). "Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288–89 (N.D. Ga. 2015) (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010)). Courts also consider whether the proposed amici "ha[ve] an interest that may be affected by the decision in this case." *Florida by & through McCollum v. U.S. Dep't of Health & Hum. Servs.*, No. 3:10-cv-91-RV/EMT, 2010 WL 11570635, at *2 (N.D. Fla. June 14, 2010).

These considerations weigh in favor of allowing Movants to appear as amici. They have an interest "in the outcome of this litigation in practical and economic terms" that differs from any party, and they can offer a "unique and important perspective" to the Court. *Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80399-CIV, 2005 WL 8156862, at *6 (S.D. Fla. Aug. 2, 2005).

5

First, Movants' interest in this case is not theoretical or academic. Notwithstanding Plaintiffs' assertion that the *government* "will suffer no economic harm" should the preliminary injunction they seek be granted, Motion at 2, Movants and the workers they advocate for would suffer economic harm. The individual Movants anticipate being employed in occupations that, under the challenged 2023 Rule, will pay higher wages, based on DOL's Occupational Employment and Wage Statistics (OEWS) data, than under the current rule, which relies on data from the U.S. Department of Agriculture's Farm Labor Survey (FLS), which consists primarily of wages of lower-paid crop workers. Under the 2023 Rule, 20 C.F.R. § 655.120(b)(3), the wage rates of Simpson and De Klerk are likely to increase on July 1, 2023, with the publication of the updated OEWS data that is used to calculate the AEWR for the occupations in which they anticipate being employed. The injunction sought by Plaintiffs would block these wage increases.

The requested injunctive relief would also lead to decreased wages for U.S. workers, like many of the farmworkers for whom Farmworker Justice advocates and to whom it provides services, who seek agricultural employment in these non-FLS occupations where wages will be set by OEWS data. The statutory and regulatory scheme governing the admission of foreign agricultural workers is designed to ensure that their admission will not adversely impact the wages and

working conditions of U.S. workers. *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 596 (1982). The AEWR is integral to this effort because it imposes a wage floor that is "obviously designed to prevent cheaper foreign labor from undercutting domestic wages in the future." *AFL-CIO v. Dole*, 923 F.2d 182, 184 (D.C. Cir. 1991); *see also Prod. Farm Mgmt. v. Brock*, 767 F.3d 1368, 1369 (9th Cir. 1985) (noting that the AEWR guards against adverse effects on the wages of "similarly employed United States workers"). The AEWRs accomplish this by "set[ting] a wage floor that employers participating in the H-2A program must pay to all agricultural workers." *Peri & Sons Farms, Inc. v. Acosta*, 374 F. Supp. 3d 63, 66 (D.D.C. 2019). Accordingly, enjoining the 2023 AEWRs would result in H-2A employers offering U.S. workers seeking agricultural employment in non-FLS occupations, such as Mr. Simpson, lower wages than they would otherwise have to offer. In turn, that will tend to depress the wages offered by non-H-2A employers since they will not have to compete with what otherwise would have been the 2023 AEWR wages offered by H-2A employers.

  Second, the perspective presented by Movants in the proposed brief is important and different from the principal arguments advanced by the government. While proposed amici agree with Defendants that the 2023 Rule is lawful, their proposed brief more narrowly focuses on two deficiencies in Plaintiffs' motion from the perspective of farmworkers themselves and advocacy groups that serve

7

and represent them: (1) the failure of any plaintiff to show imminent harm by demonstrating that the 2023 Rule will require them to pay a significant number of H-2A workers a higher AEWR in the near future; and (2) Plaintiffs' failure to provide adequate security to workers. Movants suggest that their unique perspective on these issues and the balance of equities posed by the Plaintiffs' motion would be useful to the Court.

Finally, the proposed amicus brief is timely—filed the same day as the Government's opposition to the preliminary injunction, and only 11 days after Plaintiffs filed the motion for preliminary injunction. It will not delay the briefing or argument in this case.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a brief as amici curiae should be granted.

Respectfully submitted,

*/s/ Gregory S. Schell*
gschell@trla.org
Gregory S. Schell
Fla. Bar No. 287199
Southern Migrant Legal Services
A Project of Texas RioGrande Legal
  Aid, Inc.
9851 Daphne Ave.
Palm Beach Gardens, FL 33410-4734
(615) 538-0725

ATTORNEY FOR MOVANT

Michael T. Kirkpatrick
mkirkpatrick@citizen.org
D.C. Bar No. 486293
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
(pro hac vice motion forthcoming)

ATTORNEY FOR ALL MOVANTS

8

SIMPSON

Douglas L. Stevick
dstevick@trla.org
Tex. Bar No. 00797498
Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, TX 78596
(956) 982-5557
(pro hac vice motion forthcoming)

ATTORNEY FOR MOVANT SIMPSON

Peter Murray
peter.murray@smrls.org
Minn. Bar No. 0402764
Southern Minnesota Regional Legal Services
55 5th St. E., Ste 400
Saint Paul, MN 55501
(651) 894-6591
(pro hac vice motion forthcoming)

ATTORNEY FOR MOVANT DE KLERK