**UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FLORIDA GROWERS ASSOCIATION,
INC., *et al.*,

    Plaintiffs,

v.                                                                Case No. 8:23-cv-889-CEH-CPT

JULIE A. SU, in her official capacity as
Acting Secretary of Labor, *et al.*,

    Defendants.

——————————————/

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING
PLAINTIFFS' CLAIM UNDER THE REGULATORY FLEXIBILITY ACT**

Pursuant to this Court's order of June 9, 2023 (ECF No. 50), Defendants hereby respond to the Plaintiffs' arguments regarding the Regulatory Flexibility Act ("RFA") included within their supplemental briefing (ECF No. 43) (hereinafter, "Plaintiffs' Supplement" or "Pls.' Supp."). Again, this case is an Administrative Procedure Act ("APA") challenge to the United States Department of Labor's ("DOL") final rule modifying the methodology for calculating the Adverse Effect Wage Rate ("AEWR") for the H-2A Program. *See generally* ECF No. 1 (hereinafter, "Complaint" or "Compl."). Specifically, Plaintiffs seek universal vacatur of the rule DOL published at *Adverse Effect Wage Rate Methodology for the Temporary Employment of H–2A Nonimmigrants in Non-Range Occupations in the United States*, 88 Fed. Reg. 12760 (Feb. 28, 2023) ("2023 Rule").

**ARGUMENT**

Plaintiffs argue (and for the first time) that this Court has jurisdiction to

engage with their RFA claim pursuant to 5 U.S.C. § 604, rather than the statute that both the Complaint and Plaintiffs' motion for a preliminary injunction actually point to: 5 U.S.C. § 603. *Compare* Pls.' Supp. at 8*, with* ECF No. 1 ¶ 80 ("Section 603 of Title 5 requires an agency issuing a rulemaking to explain, among other things, why the agency had chosen this version of the final rule, after comparing it to 'any significant alternatives.'"), *and* ECF No. 16 at 19 (arguing that the RFA requires "that an agency issuing a rule must explain why the agency has chosen this particular version of the rule, showing that it was compared the final version to 'any significant alternatives'" (quoting 5 U.S.C. § 603)). Plaintiffs' new rationale for jurisdiction should be rejected because parties may not amend their pleadings via a reply brief. *See, e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001); *Berkower v. USAA Casualty Insurance Co.*, No. 15-cv-23947, 2017 WL 11615108, at *2 (S.D. Fla. Feb. 21, 2017); *Cobb v. JPMorgan Chase, LLC*, No. 11-cv-2025, 2011 WL 13221045, at *8 (N.D. Ga. Dec. 28, 2011), *report and recommendation adopted as modified on other grounds*, 2012 WL 13009236 (N.D. Ga. Mar. 30, 2012).

Courts have consistently denied motions for preliminary relief where a claim and its requested relief is not included in the allegedly unlawful conduct discussed within the operative complaint. *See, e.g.*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (affirming denial of a motion for preliminary injunction that sought relief on a claim not raised in the pleadings), *opinion amended on reh'g*, 131 F.3d

950 (11th Cir. 1997); *Morgan v. Thorton*, No. 19-cv-384, 2019 WL 5391394, at *1 (M.D. Fla. Oct. 21, 2019) ("A request for injunctive relief is properly denied when the movant seeks relief with respect to claims outside those raised in the operative complaint."). So too here.

Even if the Plaintiffs had not waived review under § 604, it does not apply. Section 605(b) states that neither § 603 nor § 604 apply if the head of the agency certifies that the rule, if promulgated, will not have a significant impact on a substantial number of small entities. 5 U.S.C. § 605(b). DOL so certified in the 2023 Rule, *see* 88 Fed. Reg. 12799. *See Fla. Wildlife Fed'n, Inc. v. Jackson*, 853 F. Supp. 2d 1138, 1176 (N.D. Fla. 2012). Consequently, the Plaintiffs are not entitled to judicial review of DOL's RFA analysis under § 604.

Moreover, Plaintiffs do not qualify as "small entit[ies]" and therefore cannot seek judicial review under the RFA. *See* 5 U.S.C. § 611(a)(1)); *Tex. General Land Office v. Biden*, 619 F.Supp.3d 673, 704–05 (S.D. Tex. 2022); *Nw. Min. Ass'n v. Babbitt*, 5 F.Supp.2d 9, 13 (D.D.C. 1998). The RFA provides that a covered "small entity" is a "small organization" or a "small business." 5 U.S.C. § 601(6) (defining a "small entity" to mean, *inter alia*, a "small organization" or "small business"); *id.* § 601(4) (defining a "small organization" to be "any not-for-profit enterprise which is independently owned and operated and is not dominant in its field"); *id.* § 601(3) (defining "small business" as it is defined under the Small Business Act or standards adopted by the Small Business Administration (SBA)); *see also* Pls.'

3

Supp. at 6–7 (conceding relevant definitions). None of the organizational Plaintiffs here meets the RFA's definition of "small organization," as they each boast of their dominance in the field. *See* Compl. ¶¶ 17, 18, 20, 22; *see also* Pls.' Supp. at 7 n.3; ECF No. 16-3 ¶ 3; ECF No. 16-8 ¶ 2; ECF No. 16-10 ¶ 7. Even if that were not so, the Florida Growers Association is the only organizational Plaintiff to even allege that it is "not-for-profit," which is another reason that the other organizational Plaintiffs do not qualify to bring an RFA claim. *See* 5 U.S.C. 601(a)(4).

As to the alleged "small business" Plaintiffs, the Plaintiffs' Supplement concedes that the size standards apply and argue that both G&F Farms and Franberry Farms qualify because they are strawberry farms with less than $5.5 million gross annual receipts. *See* Pls.' Supp. at 7 n.2. But again, the Plaintiffs have provided *nothing* regarding this revenue information, which is also conspicuously absent from their affidavit (ECF No. 16-9), and have thus failed to meet their burden to obtain a preliminary injunction. *See Church of Sci. Flag Serv. Org., Inc. v. City of Clearwater*, 777 F.2d 598, 608 (11th Cir. 1985).

Finally, even if the Court reaches the merits of Plaintiffs' RFA arguments, Plaintiffs do little more than repackage their substantive challenges to the rule. *See* Pls.' Supp. at 7–8. Plaintiffs' superficial challenge to DOL's assessment of the 2023 Rule's costs pales in comparison to DOL's thorough, 15-page explanation of how it calculated the costs. *See* 88 Fed. Reg. at 12784–99. Further, the requirements of the RFA are "purely procedural," requiring only that the agency demonstrate a

"reasonable, good-faith effort to carry out [the RFA's] mandate." *La. Forestry Ass'n, Inc. v. Solis*, 889 F. Supp. 2d 711, 736 (E.D. Pa. 2012). That occurred here, and the RFA's legislative history clarifies its requirements "are not intended as a basis for a substantive challenge to the exercise of discretion by the agency in determining what rule ultimately to promulgate." *Id.* at 737 (discussing the legislative history on this point). In short, the Plaintiffs' RFA challenge fails.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Asst. Att'y General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Deputy Director

AARON S. GOLDSMITH
Senior Litigation Counsel

Dated: June 14, 2023

 */s/ Joshua S. Press*
JOSHUA S. PRESS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
Facsimile: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notice to all counsel of record.

*/s/ Joshua S. Press*