# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FLORIDA GROWERS
ASSOCIATION, INC., *et al.*,

    Plaintiffs,

v.                                                         Case No: 8:23-cv-889-CEH-CPT

JULIE A SU, in her official
capacity, *et al.*,

    Defendants.
_____/

## **O R D E R**

    This matter is before the Court on the Report and Recommendation ("R&R"), filed by Magistrate Judge Christopher P. Tuite on January 5, 2024 (Doc. 69). In the R&R, Magistrate Judge Tuite recommends that Plaintiffs' Motion for Preliminary Injunction (Doc. 16) be denied and Defendants' Motion to Dismiss (Doc. 52) be granted in part and denied in part.

    All parties were furnished copies of the R&R and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs filed an Objection (Doc. 70), to which Defendants responded (Doc. 71). Defendants did not file an objection. Upon consideration of the R&R, Plaintiffs' Objection, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, and the R&R should be adopted.

I. **BACKGROUND**[1]

This case involves Administrative Procedure Act challenges to a Final Rule issued by the United States Department of Labor ("DOL") in February 2023. The Final Rule revised the methodology by which the DOL determines the hourly adverse effect wage rate ("AEWR") paid by employers utilizing the H-2A Temporary Labor Certification Program ("H-2A visa program"), which allows U.S. agricultural employers to hire foreign workers to perform temporary agricultural labor or services. *See* 8 U.S.C. § 1101 *et seq*. The H-2A visa program was created by the Immigration and Nationality Act of 1952 ("INA") and amended by the Immigration Reform and Control Act of 1986 ("IRCA"). *See id*. Employers seeking to hire H-2A workers must first receive certification from the Secretary of Labor that (1) there are insufficient domestic workers available to perform the needed labor or services, and (2) the employment of the H-2A workers "will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1188(a)(1). To meet the second requirement, the DOL sets annual AEWRs, which are wage floors for workers employed by an H-2A participating employer. 20 C.F.R. § 655.120. The stated purpose of the AEWR is "to neutralize any 'adverse effect' resultant from the influx of temporary foreign workers." *See Labor Certification Process for the Temporary*

---

[1] The Magistrate Judge has set forth a comprehensive overview of the statutory and regulatory framework relevant to the instant disputes. Doc. 69 at 2-13. After having reviewed these statutes and regulations, the Court adopts the overview from the R&R and does not recount it herein. The Court notes that no objection has been made to the legal or factual background section of the R&R.

2

*Employment of Aliens in Agriculture and Logging in the United States*, 52 Fed. Reg. 20496-01, 20502 (June 1, 1987) (quoting *Williams v. Usery*, 531 F.2d 305, 306 (5th Cir. 1976)).

Plaintiffs, G&F Farms, LLC, and Franberry Farms, LLC, are family-owned strawberry farms in Hillsborough County, Florida. Doc. 1, ¶ 16. Plaintiff Florida Growers Association, Inc., is a non-profit corporation comprised of farms producing citrus, strawberries, specialty crops, and other crops. *Id*. 18. Plaintiff National Council of Agricultural Employers is an association that focuses exclusively on agricultural labor issues from the agricultural employer's viewpoint and its members employ roughly 85% of all H2-A workers in the United States. *Id*., ¶ 18. Plaintiff Florida Fruit and Vegetable Association is an association that serves Florida's grower-shipper community, and a large portion of its membership participates in the H-2A program, either as employers or by contracting with H-2A labor contractors. *Id*., ¶ 20. Plaintiff Florida Citrus Mutual is a citrus grower organization whose members produce citrus throughout Florida and rely on H-2A workers to harvest and transport citrus. *Id*., ¶ 22.

Defendant DOL is the federal agency responsible for drafting, promulgating, and implementing the Final Rule. *Id*., ¶ 24. The individual Defendants are appointed officials within the DOL responsible for issuing and implementing the Final Rule and are sued in their official capacities. *Id*., ¶ 23. Defendant Julie Su is the Acting U.S. Secretary of Labor. *Id*., ¶ 24. Defendant Brent Parton is the Principal Deputy Assistant Secretary of Labor and the DOL's Acting Employment and Training Administrator. *Id*., ¶ 25. The Employment and Training Administration, through the Office of Foreign Labor Certification ("OFLC"), assigns AEWRs and issues labor certifications

under the H-2A program. *Id*. Defendant Brian Pasternak is the Administrator of the OFLC. *Id*., ¶ 26. Defendant Jessica Looman is the Acting Administrator of the DOL's Wage and Hour Division, which enforces the AEWR. *Id*., ¶ 27.

On April 21, 2023, Plaintiffs initiated this action after the DOL published the Final Rule. In their four-count complaint, Plaintiffs seek declaratory and injunctive relief for violations of the APA, 5 U.S.C. § 706, and the RFA, 5 U.S.C. § 603. Doc. 1. Count I alleges the Final Rule violates the APA because the DOL acted outside of its statutory authority, in violation of 8 U.S.C. § 1188(a)(1)(B), 5 U.S.C. § 706(2)(A), (C). Doc. 1, ¶¶ 56-60. Count II alleges the Final Rule violates the APA because it is arbitrary and capricious, 5 U.S.C. § 706(2)(A). Doc. 1, ¶¶ 61-62. Count III alleges the Final Rule violates the APA by using Farm Labor Survey ("FLS")-based wages,[2] 8 U.S.C. § 1188(a)(1)(B), 5 U.S.C. § 706(2)(A), (C). Doc. 1, ¶¶ 73-78. Count IV alleges the 2023 Rule violates the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601, *et seq*. Doc. 1, ¶¶ 79-94.

On May 11, 2023, Plaintiffs filed their motion for preliminary injunction. Doc. 16. Plaintiffs asked the Court to temporarily enjoin: (1) Defendants from enforcing the 2023 Rule on a nationwide basis; (2) the OFLC "from requiring employers to post or otherwise advertise H-2A job orders with wages other than the FLS-based AEWRs published by Defendants at 87 Fed. Reg. 77,142 (Dec. 16, 2022);" and (3) "the Wage and Hour Division of the [DOL] from enforcing any requirement of H-2A employers

---

[2] The U.S. Department of Agriculture ("USDA") conducts an annual survey of farmworker wages, which is known as the Farm Labor Survey ("FLS"). Doc. 44 at 13-18.

to pay wage rates resulting from the [Final] Rule's methodology." Doc. 16 at 25. Plaintiffs attached several documentary exhibits to their motion, including declarations from Plaintiffs and their counsel, articles disputing parts of the Final Rule, and educational materials the DOL distributed to the public related to the Final Rule. Doc. 16, Exs.

Defendants responded in opposition to Plaintiffs' motion. Doc. 22. Defendants attached documentary exhibits to their motion, including a declaration and a copy of the DOL's H-2A Application for Temporary Employment Certification. *Id.*, Exs. Additionally, Amici James Simpson, Stephanus De Klerk, and Farmworker Justice filed a brief in support of Defendants' opposition to Plaintiffs' motion for preliminary injunction. Doc. 33.

On May 23, 2023, the Magistrate Judge held a hearing on Plaintiffs' motion for preliminary injunction. *See* Docs. 30, 40. Both sides presented arguments but neither sought to introduce additional evidence. After the hearing, the Magistrate Judge directed the parties to file supplemental legal memoranda on certain issues addressed at the hearing and a joint statement of agreed upon facts. Doc. 32. In accordance with that order, Defendants filed a supplemental brief on Plaintiffs' standing (Doc. 42), Plaintiffs filed a supplemental memorandum of law (Doc. 43) to which Defendants responded (Doc. 51), and the parties filed a statement of facts (Doc. 44).

On June 27, 2023, Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), asserting the individual and associational Plaintiffs did not have standing to bring the action and, in any event, the Court lacked jurisdiction over the

5

Plaintiffs' RFA claim. Doc. 52. Plaintiffs filed a response in opposition to the motion. Doc. 53.

On September 29, 2023, Defendants filed a notice of supplemental authority in support of its opposition to Plaintiffs' motion for preliminary injunction. Doc. 61. Specifically, Defendants noticed the decision in *USA Farm Labor Inc. v. Su, et al.*, ___ F. Supp. 3d ___, 2023 WL 6283333 (W.D.N.C. Sept. 26, 2023) ("*USA Farm Labor*"), in which the court denied a similar motion for preliminary injunction. Plaintiffs filed a response in opposition to Defendants' supplemental notice. Doc. 64.

On January 5, 2024, the Magistrate Judge issued a R&R. Doc. 69. The Magistrate Judge first addressed Defendants' motion to dismiss, finding that Defendants' arguments on standing and ripeness failed (*id.* at 16-38), and that Defendants' argument that Plaintiffs' RFA claim was subject to dismissal as jurisdictionally infirm was meritorious (*id.* at 38-42). Thus, the Magistrate Judge recommended that Defendants' motion to dismiss be granted only as to Count IV with Plaintiffs being afforded leave to replead their RFA claim. *Id.* at 42, 80. As for Plaintiffs' motion for preliminary injunction, the Magistrate Judge found that Plaintiffs failed to establish a likelihood of success on the merits of their APA claims and their RFA claim. Although the Magistrate Judge found that Plaintiffs' failure to carry their burden on the substantial likelihood of success factor was alone dispositive, he addressed the remaining factors in brief. The Magistrate Judge assumed for purposes of the R&R that Plaintiffs met their burden of establishing irreparable harm but found that Plaintiffs failed to show that the balance of the harms and the public interest were

6

in their favor. *Id.* at 71-77. As such, the Magistrate Judge recommended that Plaintiffs' motion for preliminary injunction be denied. *Id.* at 80.

## II. LEGAL STANDARD

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). As for those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72.

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

Plaintiffs assert they object to "the Report's findings and legal conclusions as to . . . the RFA claim." Doc. 70 at 1. Thus, Plaintiffs purport to object to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss as to Count IV with leave to replead. However, Plaintiffs state in the body of their objection that:

> Plaintiffs acknowledge that the RFA claim could have been pleaded with greater clarity in the Complaint and welcome the opportunity to file an amended complaint to address the Magistrate [Judge's] concerns.

*Id.* at 3. Given Plaintiffs' concession and lack of specific objection to any factual finding or legal conclusion, the Court will overrule Plaintiffs' purported objection to the R&R as to Defendants' motion to dismiss. The Court has reviewed the R&R, the relevant pleadings, and applicable legal authority, and finds no error, clear or otherwise, in the findings and legals conclusions made by the Magistrate Judge in addressing the motion to dismiss.

### B. Plaintiffs' Motion for Preliminary Injunction

A party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quotations omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted). "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits." *Id.* (citations omitted). "If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) (citation omitted). "The grant or denial of a preliminary

injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

Plaintiffs object to the Magistrate Judge's findings and legal conclusions that Plaintiffs failed to establish a substantial likelihood of success on the merits of their APA claims.[3] First, Plaintiffs object to the Magistrate Judge's finding that Plaintiffs failed to establish the DOL violated the APA by exceeding its statutory authority under the INA by modifying the AEWR to attract U.S. workers rather than to prevent an adverse effect on the pay of similarly employed U.S. workers.[4] Plaintiffs claim that *Williams* precludes the DOL from setting H-2A wages to be attractive and entice U.S. workers into applying for agricultural jobs, and that the Magistrate Judge erred by relying on *USA Farm Labor* because the court in that case is not bound by *Williams*. Doc. 70 at 3-5. Second, Plaintiffs object to the Magistrate Judge's finding that Plaintiffs

---

[3] Plaintiffs do not object to the Magistrate Judge's findings and legal conclusions regarding the substantial likelihood of success on the merits of their RFA claim.

[4] The APA provides for judicial review of final agency decisions and authorizes courts to set aside an agency action if that action is, among other things, arbitrary or capricious or "otherwise not in accordance with law." 5 U.S.C. §§ 702, 704, 706(2)(A). Review under the APA, however, "is exceedingly deferential." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008). As noted above, Plaintiffs contend the DOL's promulgation of the Final Rule violates the APA for both reasons. An agency action is deemed to be arbitrary and capricious where the agency: (1) "relied on factors which Congress has not intended it to consider;" (2) "entirely failed to consider an important aspect of the problem;" or (3) "offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Ala. Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1254 (11th Cir. 2007) (citation omitted). An agency's statutory construction is governed by the two-part test set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837, 842-43 (1984). First, if the statutory text is unambiguous and answers the question presented, courts apply the text according to its terms with no need for deference. *Id*. at 842-43. But if the statute is ambiguous or does not speak to the question presented, then courts must determine at step two "whether the agency's answer is based on a permissible construction of the statute." *Id*. at 843.

failed to establish a substantial likelihood of success on the merits of their claim that Final Rule violates the APA because it is arbitrary and capricious in that the OEWS is not an appropriate wage source for agricultural labor and is retroactive Doc. 70 at 5-13.

Plaintiffs' first objection is overruled. In issuing the Final Rule, the DOL addressed at length its reasons for revising the AEWR methodology, its analyses in doing so, and its consideration of supportive and adverse comments to the rule when it was proposed. *See Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 FR 12760-01, 2023 WL 2241737 (F.R.). In addressing Plaintiffs' first APA claim, the Magistrate Judge thoroughly addressed the reasons for finding that the DOL's revision of the AEWR methodology is tied to its statutory mandate to prevent the reduction of the wages of similarly employed U.S. workers. Given those reasons, the Magistrate Judge did not err in concluding that the DOL did not exceed its statutory authority in promulgating the Final Rule. *See* Doc. 69 at 45-50. For the same reasons, the Court is not persuaded by Plaintiffs' argument that the Final Rule creates an attractive wage in violation of the INA and *Williams*. And as noted by Defendants (Doc. 71 at 2), the issue of attractive wages was not briefed by the parties or addressed by the court in *USA Farm Labor*.

Plaintiffs second objection also is overruled. As discussed by the Magistrate Judge, the first part of the *Chevron* test was met because the INA is silent as to how the AEWR should be calculated, stating only that the employment of foreign workers

should not "adversely affect the wages and working conditions of workers in the United States similarly employed" without defining the phrases "adversely affect" or "similarly employed." Doc. 69 at 50-52. The Magistrate Judge then proceeded to address whether the Final Rule was irrational and conflicted with the INS insofar as it used the OEWS survey (a non-farm wage survey) to dictate farm wages and ignored the "primary" or "main" duty of work being conducted and required that the higher AEWR controls, and insofar as it was retroactive. *Id*. at 52-64. The Magistrate Judge found that the DOL provided several justifications for relying on the OEWS data and provided persuasive legal reasons for rejecting Plaintiffs' retroactivity claim, and the Court finds no error in these findings. Plaintiffs do not demonstrate otherwise and their arguments to the contrary are factually unpersuasive and legally unsupported. *See* Doc. 70 at 5-11. Plaintiffs' retroactivity objection, which is summarily asserted, fails to provide adequate legal justification for the objection, and fails to address the legal bases relied upon by the Magistrate Judge in rejecting the claim. *See id*. at 12-13. For these reasons, the Court will overrule Plaintiffs' second objection.

Because Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their APA claims, the Court need not address Plaintiffs' objection that the R&R fails to comport with governing legal authority on the proposed scope of the injunctive relief sought and as to the bond requirement (Doc. 70 at 13-15).

In sum, Plaintiffs did not meet their burden of establishing a substantial likelihood of success on their APA claims. As such, the Court will adopt the R&R and deny the motion for preliminary injunction.

Accordingly, it is now **ORDERED**:

(1)  Plaintiffs' Objection (Doc. 70) is **OVERRULED**.

(2)  The Magistrate Judge's Report and Recommendation (Doc. 69) is **ADOPTED**, **CONFIRMED**, and **APPROVED** and is made a part of this Order for all purposes, including appellate review.

(3)  Plaintiffs' Motion for Preliminary Injunction (Doc. 16) is **DENIED**.

(4)  Defendants' Motion to Dismiss (Doc. 52) is **GRANTED in part** and **DENIED in part**. The Motion is granted to the extent that Count IV is dismissed without prejudice. In all other aspects, the Motion is denied.

(5)  If Plaintiffs elect to replead their RFA claim, they may file an amended complaint on or before **April 12, 2024**. Failure to file an amended complaint within this time will result in this case proceeding on Counts I, II, and III of the complaint.

**DONE AND ORDERED** at Tampa, Florida on March 29, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Christopher P. Tuite
Counsel of Record