**UNITED STATES DISTRICT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| FLORIDA GROWERS ASSOCIATION, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 8:23-cv-889-CEH-CPT |
| ) | |
| JULIE A. SU, in her official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS COUNT IV**
**<u>OF THE AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 3

   I.  Statutory and Regulatory Background .......................................................... 3

     A.  H-2A Temporary Agricultural Visa Program and AEWR ...................... 3

     B.  The 2021 Notice of Proposed Rulemaking .................................................. 5

     C.  The 2023 Final Rule .................................................................................... 7

   II.  Procedural Background ................................................................................. 7

STANDARD OF REVIEW ................................................................................... 9

ARGUMENT ...................................................................................................... 10

   I.   DOL Was Not Required to Perform the Analysis Described in
     Section 604 of the RFA Because It Certified the Rule Pursuant to
     Section 605 of the RFA .............................................................................. 10

   II.  Plaintiffs Failed to Plead Any Facts to Show that they Qualify as Small
     Entities Entitled to Judicial Review under Section 611............................. 13

   III. Dismissal of Count IV Should Be With Prejudice ...................................... 16

CONCLUSION ................................................................................................... 17

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*AFL-CIO v. Brock*,
  835 F.2d 912 (D.C. Cir. 1987) .................................................................. 5

*AFL-CIO v. Dole*,
  923 F.2d 182 (D.C. Cir. 1991) ............................................................... 3, 5

*Alabama v. Ctrs. For Medicare & Medicaid Servs.*,
  2010 WL 1268090 (M.D. Ala. Mar. 30, 2010) ........................................ 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................... 10, 14

*Beckwith v. Bellsouth Telecomms. Inc.*,
  146 F. App'x 368 (11th Cir. 2005) ........................................................ 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................... 9, 10, 13

*Council for Urological Interests v. Burwell*,
  790 F.3d 212 (D.C. Cir. 2015) ......................................................... 12, 13

*Fla. Health Scis. Ctr., Inc. v. Becerra*,
  2021 WL 2823104 (D.D.C. July 7, 2021) ............................................... 15

*Florida Growers Assoc. Inc. v. Su et al.*,
  No. 8:23-CV-889-CEH-CPT, 2024 WL 670464 (Jan. 5, 2024) ......... 2, 13, 14, 15

*Florida Growers Assoc. Inc. v. Su et al.*, *report and recommendation adopted sub nom.*,
  2024 WL 1343021, at *1 (M.D. Fla. Mar. 29, 2024). ............................... 13

*Maynard v. Bd. Of Regents of Div. of Univs. Of Fla. Dep't of Educ. Ex. rel. Univ. of S. Florida.*,
  342 F.3d 1281 (11th Cir. 2003) ............................................................. 16

*Nw. Min. Ass'n v. Babbitt*,
  5 F. Supp. 2d 9 (D.D.C. 1998) .............................................................. 13

*Overdevest Nurseries, L.P. v. Walsh*,
  2 F.4th 977 (D.C. Cir. 2021) .................................................................. 4

*Oxford Asset Mgt., Ltd. v. Jaharis*,
  297 F.3d 1182 (11th Cir. 2002) ............................................................. 10

*Patel v. Georgia Dep't BHDD*,

485 F. App'x 982 (11th Cir. 2012) .................................................................. 16

*Peterson v. Atlanta Hous. Auth.*,
998 F.2d 904 (11th Cir. 1993) .................................................................. 13

*Pielage v. McConnell*,
516 F.3d 1282 (11th Cir. 2008) ................................................................ 9

*Rowland v. Marshall*,
650 F.2d 28 (4th Cir. 1981) ................................................................. 4, 5

*Silva v. Bieluch*,
351 F.3d 1045 (11th Cir. 2003) .............................................................. 16

*Silver v. IRS*,
531 F. Supp. 3d 346 (D.D.C. 2021) ....................................................... 16

*United Farmworkers of Am. v. Chao*,
227 F. Supp. 2d 102 (D.D.C. 2002) ........................................................ 5

*W. Wood Preservers Inst. v. McHugh*,
925 F. Supp. 2d 63 (D.D.C. 2013) ..................................................... 2, 15

*Zen Grp., Inc. v. Agency for Health Care Admin.*,
80 F.4th 1319 (11th Cir. 2023) .............................................................. 13


<u>Statutes</u>

5 U.S.C. § 601(3) ........................................................................................ 14

5 U.S.C. § 601(4) ........................................................................................ 14

5 U.S.C. § 601(6) ........................................................................................ 14

5 U.S.C. § 603 .............................................................................................. 8

5 U.S.C. § 604 ..................................................................................... 1, 9, 10

5 U.S.C. § 604(a) ........................................................................................ 11

5 U.S.C. § 604(a)(1)-(6) ............................................................................. 11

5 U.S.C. § 605 ........................................................................................ 1, 11

5 U.S.C. § 605(b) ............................................................................... 1, 11, 12

5 U.S.C. § 611 .......................................................................................... 1, 2

5 U.S.C. § 611(a)(1) ................................................................................... 13

8 U.S.C. § 1188(a)(1)(A) ............................................................................. 3

15 U.S.C. § 632 ................................................................................................ 14

Rules

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 9

Regulations

20 C.F.R. § 655.103(b) ..................................................................................... 7

20 C.F.R. § 655.120(a) ..................................................................................... 4

20 C.F.R. § 655.120(b) ..................................................................................... 7

20 C.F.R. § 655.122(l) ...................................................................................... 4

Federal Register

75 Fed. Reg. 6884 (Feb. 12, 2010) ................................................................. 4

75 Fed. Reg. 66268 (Oct. 27, 2010) ............................................................. 12

86 Fed. Reg. 68174 (Dec. 1, 2021) ................................................................. 5

88 Fed. Reg. 12760 (Feb. 28, 2023) ........................................................... 1, 7

The Defendants, through their undersigned counsel, move to dismiss Count IV of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiffs allege in Count IV that Defendants should have complied with Section 604 of the Regulatory Flexibility Act, 5 U.S.C. § 604. However, section 604 is inapplicable because Defendants complied with 5 U.S.C. § 605. Further, Plaintiffs have not pled facts to show they are small entities under 5 U.S.C. § 611. Accordingly, and as set forth in the memorandum of law below, Count IV of the Amended Complaint should be dismissed for failure to state a claim. Because amendment would be futile, the dismissal should be with prejudice.

## INTRODUCTION

Plaintiffs' revised Count IV of the Amended Complaint—which alleges the Department of Labor ("DOL") violated the Regulatory Flexibility Act ("RFA") when it promulgated its Final Rule, *Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 Fed. Reg. 12760 (Feb. 28, 2023) (the "Final Rule")—fails as a matter of law. According to Plaintiffs, for the Final Rule to be valid, DOL should have conducted a full regulatory flexibility analysis pursuant to section 604 of the RFA. But in fact, no such analysis is required if the agency instead makes a certification pursuant to section 605 of the RFA that the rule "will not, if promulgated, have a significant economic impact on a substantial number of small entities." 5 U.S.C.

§ 605(b). DOL made that certification in the Final Rule. 88 Fed. Reg. at 12799, 12802. As a result, section 604 of the RFA is simply inapplicable to this case. Plaintiffs have thus failed to state a claim upon which relief can be granted.

Plaintiffs' claim fails for an additional reason. Only "small entities" may seek judicial review under the RFA. 5 U.S.C. § 611. Plaintiffs have failed to plead facts sufficient to show that they qualify as small entities. In fact, Plaintiffs completely ignored the Magistrate Judge's discussion of the issue in his Report & Recommendation, in which the court observed that, "it is not clear such a cause of action would be sustainable given the current allegations in the Plaintiffs' complaint" and "I cannot readily discern from the Plaintiffs' complaint that they have averred sufficient facts establishing they fall into one or more of these categories [of small entities]." *Florida Growers Assoc. Inc. v. Su et al.*, No. 8:23-CV-889-CEH-CPT, 2024 WL 670464 at *18 n.17 (Jan. 5, 2024) (Report & Recommendation). Rather than heed the Magistrate Judge's remarks and plead additional facts in their Amended Complaint, Plaintiffs rested on their insufficiently pled allegations and thus still have not shown that they qualify as small entities under the RFA. Without such a showing, their claim cannot be maintained. *See W. Wood Preservers Inst. v. McHugh*, 925 F. Supp. 2d 63, 75 (D.D.C. 2013) (dismissing an RFA claim where the plaintiffs did not assert in their complaint that "they themselves [were] small entities covered by the RFA").

Plaintiffs have now tried twice—and failed twice—to plead a claim under the RFA. Accordingly, the Court should dismiss Count IV of the Amended Complaint with prejudice.

## BACKGROUND

### I.   Statutory and Regulatory Background

#### A.   *H-2A Temporary Agricultural Visa Program and AEWR*

The H-2A visa program permits U.S. agricultural employers to hire foreign workers on a temporary basis "to perform agricultural labor or services ... of a temporary or seasonal nature." 8 U.S.C. § 1101(a)(15)(H)(ii)(a). Before an employer can petition for an H-2A visa, they must seek a labor certification from DOL that (1) there "are not sufficient workers" able,  willing, and qualified to perform the labor or services at issue and (2) issuance of the H-2A visa "will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1188(a)(1)(A), (B); *see also* 8 C.F.R. § 214.2(h)(5)(i)(A). In carrying out its duties under the Immigration and Nationality Act ("INA"), DOL must balance the "competing goals" of "providing an adequate labor supply and protecting the jobs of domestic workers." *AFL-CIO v. Dole*, 923 F.2d 182, 187 (D.C. Cir. 1991).

DOL meets § 1188's "adverse effects" requirement, in part, by requiring employers to offer, advertise in their recruitment, and pay a wage that is the

highest of the adverse effect wage rate (AEWR), the prevailing wage, the agreed-upon collective bargaining wage, the federal minimum wage, or the state minimum wage. *See* 20 C.F.R. §§ 655.120(a), 655.122(l). These rates work in tandem to prevent adverse effects on wages and working conditions of workers in the United States from the employment of foreign temporary agricultural workers.

As one Circuit has explained, "[t]he purpose of the AEWR is to prevent the importation of nonimmigrant [foreign nationals] from deflating the wages and from adversely affecting the working conditions of United States workers similarly employed." *Rowland v. Marshall*, 650 F.2d 28, 29 (4th Cir. 1981) (per curiam). The AEWR is one of the primary ways that DOL "meets its statutory obligation to certify that the employment of H-2A workers will not have an adverse effect on the wages of agricultural workers in the United States similarly employed." 88 Fed. Reg. at 12761. It "is designed to prevent the potential wage-depressive impact of foreign workers on the domestic agricultural workforce." 75 Fed. Reg. 6884, 6891 (Feb. 12, 2010) ("2010 Rule"). *See also Overdevest Nurseries, L.P. v. Walsh*, 2 F.4th 977, 980-81 (D.C. Cir. 2021) ("[T]he [AEWR] provides a wage floor that aims to prohibit employers from underpaying foreign workers and thereby depressing wages for similarly-employed American workers.").

In devising the AEWR methodology, DOL sets a "rate [that] will neither ratchet wages upward, driving growers out of business nor perpetuate wage

depression." *Dole,* 923 F.2d at 187. "[C]alculating AEWRs has been left entirely to [DOL's] discretion." *AFL-CIO v. Brock*, 835 F.2d 912, 915 (D.C. Cir. 1987); *see Rowland*, 650 F.2d at 30 (recognizing DOL's discretion in determining the methodology to establish the AEWR). DOL has revised the AEWR methodology multiple times over the years. *United Farmworkers of Am. v. Chao*, 227 F. Supp. 2d 102, 108 n.13 (D.D.C. 2002).

### B. *The 2021 Notice of Proposed Rulemaking*

On December 1, 2021, DOL issued a notice of proposed rulemaking announcing its intent to amend the regulations governing the methodology to determine the hourly AEWRs for non-range H-2A occupations (all H-2A occupations other than herding and production of livestock on the range). *See* 86 Fed. Reg. 68174 (Dec. 1, 2021).[1] DOL proposed to maintain part of the prior AEWR methodology by continuing to use the Farm Labor Survey as the primary wage source for those occupations surveyed and reported by that survey. *Id.* at 68179. DOL also proposed four main changes to the AEWR methodology. First, DOL proposed that for situations in which the Farm Labor Survey did not report a wage finding for the field and livestock workers (combined) occupational group (*e.g.*, in

---

[1] DOL recognized that the "potential for the employment of foreign workers to adversely affect the wages of U.S. workers is heightened in the H-2A program because the H-2A program is not subject to a statutory cap on the number of foreign workers who may be admitted to work in agricultural jobs." 86 Fed. Reg. at 68176.

Alaska, because the Farm Labor Survey is not conducted there), DOL's Bureau of Labor Statistics Occupational Employment and Wage Statistics (OEWS) survey would serve as a wage source. *See id.* at 68179–81.[2] Second, DOL proposed using the occupation-based OEWS to establish the AEWR for those occupations not adequately or consistently surveyed or reported by the Farm Labor Survey. *See id.* at 68179, 68181–83. This OEWS-based AEWR would apply to higher-paid agricultural positions such as farm supervisors/managers, truck drivers, and contracted services such as construction or equipment operators. Third, DOL proposed requiring employers to pay the highest wage applicable if the job opportunity fell within multiple classifications based on job duties. For example, if a job opportunity required the duties of a field or livestock worker as well as duties for a construction worker or heavy truck driver, the employer would have to pay the higher rate among those classifications. *See id.* at 68179, 68183–84. Fourth, DOL proposed that the Office of Foreign Labor Certification Administrator publish an update to the FLS AEWRs and OEWS AEWRs as a notice in the *Federal*

---

[2] The following six SOCs correspond to the field and livestock worker occupations where DOL proposed to set the AEWR based on the Farm Labor Survey, or the OEWS if the Farm Labor Survey is not available: (1) Graders and Sorters, Agricultural Products; (2) Agricultural Equipment Operators; (3) Farmworkers and Laborers, Crop, Nursery and Greenhouse; (4) Farmworkers, Farm, Ranch, and Aquacultural Animals; (5) Packers and Packagers, Hand; and (6) Agricultural Workers – Other. *See* 86 Fed. Reg. at 68179. DOL determined only 2% of workers would be employed in H-2A job opportunities where the AEWR will change under the proposed rule from the current baseline. *See id.* at 68188.

*Register* at least once per year. *See id.* at 68179, 68184. DOL invited public comments until January 31, 2022. *See id.* at 68174, 68185.

### C.   The 2023 Final Rule

On February 28, 2023, DOL published the Final Rule, amending the methodology for determining the AEWR. *See* 88 Fed. Reg. 12760 (Feb. 28, 2023). After careful consideration of public comments, the Final Rule adopted the proposals in the 2021 notice of proposed rulemaking described above without substantive change, finalizing changes to 20 C.F.R. §§ 655.103(b), 655.120(b)(1), (2), and (5). The head of the Employment and Training Administration within the Department of Labor certified, pursuant to section 605 of the RFA, that, "The Department certifies that the final rule does not have a significant economic impact on a substantial number of small entities." 88 Fed. Reg. at 12799, 12802. Included with the certification was the factual basis supporting it. 88 Fed. Reg. 12799-12801. The Final Rule went into effect on March 30, 2023.

## II.   Procedural Background

The Plaintiffs filed their original complaint in this matter on April 21, 2023, (ECF 1) and filed a motion for a preliminary injunction shortly thereafter (ECF 16). Plaintiffs advanced four counts in their complaint: Count I alleged that the Final Rule was outside of DOL's statutory authority because it relied on year-round wage data rather than seasonal data (ECF 1 ¶¶ 57-60); Count II alleged the Final

Rule was arbitrary and capricious for assigning one wage rate to job opportunities with multiple duties, was impermissibly vague in how wage rates would be assigned, was set to take effect too quickly, and was retroactive (ECF 1 ¶¶ 62-72); Count III alleged use of the Farm Labor Survey to set the AEWR was flawed (despite being in use since at least 2010) (ECF 1 ¶¶ 74-78); and Count IV alleged a violation of Section 603 of the Regulatory Flexibility Act ("RFA") (ECF 1 ¶¶ 80-94).

The Defendants moved to dismiss the complaint and opposed the preliminary injunction motion. ECF 22, 51, 52. The bases for Defendants' motion to dismiss were that Plaintiffs lacked standing and that Plaintiffs failed to state a claim under the RFA. ECF 52. In January 2024, the Magistrate Judge issued a thorough and detailed Report and Recommendation on the pending motions. ECF 69. The Magistrate Judge recommended denying the preliminary injunction motion because Plaintiffs were not likely to succeed on the merits of their claims, denying the motion to dismiss as to standing, and granting the motion to dismiss as to the RFA claim, with leave to amend. The Magistrate Judge agreed with Defendants that Plaintiffs' RFA claim, which alleged a cause of action pursuant to 5 U.S.C. § 603, failed to state a claim because section 611 of the RFA did not permit judicial review of an agency's compliance with section 603. ECF 69 at 39-42. The Court adopted the Magistrate's Report and Recommendation in full and granted Plaintiffs leave to amend their RFA claim. ECF 77.

Plaintiffs filed an Amended Complaint on April 12, 2024, in which they amended their RFA claim of Count IV. ECF 78. In the Amended Complaint, Plaintiffs alleged that "[t]he Final Rule also violates the requirements of the Regulatory Flexibility Act. 5 U.S.C. § 604." ECF 78 at ¶ 80. The Amended Complaint cites various ways that DOL allegedly failed to comply with section 604, including failing to adequately address comments or consider alternatives. ECF 78 at ¶¶ 81-94.

Defendants now move to dismiss Count IV of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted because DOL was not required to conduct a section 604 analysis and because Plaintiffs have not shown that they are small entities within the meaning of section 611 of the RFA.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## ARGUMENT

### I.   DOL Was Not Required to Perform the Analysis Described in Section 604 of the RFA Because It Certified the Rule Pursuant to Section 605 of the RFA.

Count IV of the Amended Complaint alleges that DOL failed to comply with section 604 of the Regulatory Flexibility Act when it promulgated the Final Rule. ECF 78 ¶ 80 ("The Final Rule also violates the requirements of the Regulatory Flexibility Act. 5 U.S.C. § 604."). Plaintiffs fail to state a claim upon which relief can be granted, however, because DOL was not required to comply with section 604.

Section 604 requires an agency to conduct a final regulatory flexibility analysis after promulgating a final rule. 5 U.S.C. § 604(a). It describes the contents of that analysis and states that the analysis shall be published in the Federal Register. 5 U.S.C. § 604(a)(1)-(6), (b). The required regulatory flexibility analysis must contain (1) a statement of the need for and objectives of the rule, (2) significant issues raised through public comment and a response thereto, (3) a response to any comments from the Small Business Administration, (4) an estimate of the number of small entities affected, (5) a description of the reporting and compliance requirements for the rule, and (6) a description of steps taken by the agency to minimize the economic impact on small entities including an explanation for selecting the chosen alternative over others. *See* 5 U.S.C. § 604(a)(1)-(6). Plaintiffs allege DOL failed to comply with section 604 because it failed to analyze alternatives sufficiently or respond to public comments fully. *See* ECF 78 ¶¶ 81-94.

What Plaintiffs' claim fails to account for, however, is that section 604 does not apply to every final rule promulgated by an agency.  Section 605 of the RFA, titled "Avoidance of duplicative or unnecessary analyses," identifies those situations in which the full analysis of section 604(a) is not required. *See* 5 U.S.C. § 605. Under § 605(b), a 604 analysis is not required if the head of an agency certifies that the final rule "will not, if promulgated, have a significant economic

impact on a substantial number of small entities" and the agency publishes that

certification, along with a statement providing the factual basis for it, in the Federal

Register with the final rule.  5 U.S.C. § 605(b); *see also Council for Urological Interests*

*v. Burwell*, 790 F.3d 212, 226 (D.C. Cir. 2015) (finding certification under 605

obviates need for section 604 analysis). That is precisely what DOL did. *See* 88 Fed.

Reg. at 12799-12802. In particular, Brent Parton, the then Acting Assistant

Secretary for Employment and Training[3] made the certification that was published

in the Federal Register, which stated, "[t]he Department certifies that the final rule

does not have a significant economic impact on a substantial number of small

entities." 88 Fed. Reg. at 12799, 12802. The basis for the certification is explained

therein. *See id.* at 12799-12801.

Notably, Plaintiffs' Amended Complaint makes no mention of section 605,

the certification, or the facts supporting the certification. This Court should not

construe the Amended Complaint to include such allegations, particularly in light

of the Magistrate Judge's opinion recommending dismissal of Plaintiffs' prior RFA

claim under section 603, in which the court explained:

> Even construing the Plaintiffs' allegations in their complaint liberally,
> a fair reading of their RFA claim is that it is based on section 603, not
> section 604.  Indeed, the Plaintiffs do not refer to section 604 anywhere
> in their RFA count, their complaint, or even their motion for a

---

[3] The Secretary of Labor delegated authority and responsibility for certain aspects of the
INA, including setting the AEWR, to the Assistant Secretary for Employment and
Training. *See* 75 Fed. Reg. 66268 (Oct. 27, 2010).

preliminary injunction. *See Zen Grp., Inc. v. Agency for Health Care Admin.*, 80 F.4th 1319, 1334 (11th Cir. 2023) ("'[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].'") (quoting *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)). Allowing the Plaintiffs to proceed under section 604 at this point would therefore deprive the Defendants of "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (stating that a plaintiff must "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading").

*Florida Growers Ass'n, Inc.*, 2024 WL 670464 at *16 (Jan. 5, 2024), *report and recommendation adopted sub nom.*, 2024 WL 1343021, at *1 (M.D. Fla. Mar. 29, 2024).

As before, Plaintiffs allege that DOL violated a single, inapplicable section of the RFA—this time section 604 rather than section 603. And similarly, the Court should dismiss that claim. DOL properly certified the Final Rule under section 605 of the RFA and Plaintiffs do not allege otherwise. DOL had no duty to conduct an analysis under section 604 and Count IV therefore fails to state a claim upon which relief can be granted. *See Council for Urological Interests,* 790 F.3d at 226.

## II. Plaintiffs Failed to Plead Any Facts to Show that they Qualify as Small Entities Entitled to Judicial Review under Section 611.

Only small entities may bring a cause of action under section 604 of the RFA. 5 U.S.C. § 611(a)(1) ("For any rule subject to this chapter, a small entity that is adversely affected or aggrieved by final agency action is entitled to judicial review….). *See also Fla. Growers Ass'n, Inc.,* 2024 WL 670464, at *18 n.17, citing *Nw.*

*Min. Ass'n v. Babbitt*, 5 F. Supp. 2d 9, 13 (D.D.C. 1998) (quoting 5 U.S.C. § 611(a)(1));

*Alabama v. Ctrs. For Medicare & Medicaid Servs.*, 2010 WL 1268090, at *7 (M.D. Ala.

Mar. 30, 2010). As the Magistrate Judge explained:

> The RFA defines a "small entity" as a "small business," "small organization," or "small governmental jurisdiction." 5 U.S.C. § 601(6). The RFA additionally directs that "small business" has the same meaning as "small business concern" under section 3 of the Small Business Act, which is defined as a farming enterprise that "is independently owned and operated and [that] is not dominant in its field of operation." 5 U.S.C. § 601(3); Small Business Act § 3, 15 U.S.C. § 632. And the RFA defines a "small organization" as "any not-for-profit enterprise which is independently owned and operated and which is not dominant in its field." 5 U.S.C. § 601(4).

*Fla. Growers Ass'n, Inc.*, 2024 WL 670464, at *18 n.17.

Plaintiffs, however, have not pled facts to show that they are small entities that are not dominant in their field. Plaintiffs allege that they are "family-owned" or "not-for-profit" (ECF 78 at ¶ 17), but those descriptors alone, without more, are insufficient to show small entity status because neither term establishes the facts needed to qualify as a small entity under the RFA.  In particular, such entities are not necessarily independently owned and operated, and such entities may nonetheless be dominant in their fields. Moreover, even if Plaintiffs intended such descriptors to establish small entity status, conclusory allegations are insufficient to support a claim. *Iqbal*, 556 U.S. at 663. Plaintiffs were required to plead specific facts showing they qualify as small entities, but the Amended Complaint contains no such facts.

Plaintiffs were on notice that their complaint was insufficient on this point but failed to address the deficiencies. The Magistrate Judge noted in his Report & Recommendation that he "cannot readily discern from the Plaintiffs' complaint that they have averred sufficient facts establishing they fall into one or more of these [small entity] categories." *See Fla. Growers Ass'n, Inc.*, 2024 WL 670464, at *18 n.17, *citing W. Wood Preservers Inst. v. McHugh*, 925 F. Supp. 2d 63, 75 (D.D.C. 2013) (dismissing an RFA claim where the plaintiffs did not assert in their complaint that "they themselves [were] small entities covered by the RFA"); *Fla. Health Scis. Ctr., Inc. v. Becerra*, 2021 WL 2823104, at *13 (D.D.C. July 7, 2021) (noting that "while [the p]laintiffs claim in their papers to fall within the [RFA's] bounds, this is not the same as actually making the showing that they are small entities for the purposes of [the Act]"). The Magistrate Judge further noted that at least as to some plaintiffs, it appeared that they were in fact dominant in their field, which would disqualify them from small entity status. *Id*. Despite the Magistrate Judge's concerns, Plaintiffs did not plead any new or different facts in their Amended Complaint to show that they are in fact such authorized small entities. Without such a showing, their claim cannot stand. *W. Wood Preservers Inst. v. McHugh*, 925 F. Supp. 2d 63, 75 (D.D.C. 2013) (dismissing an RFA claim where the plaintiffs did not assert in their complaint that "they themselves [were] small entities covered by the RFA"); *Fla. Health Scis. Ctr., Inc.*, 2021 WL 2823104, at *13 (noting that "while

[the p]laintiffs claim in their papers to fall within the [RFA's] bounds, this is not the same as actually making the showing that they are small entities for the purposes of [the Act]").

Thus, Count IV should be dismissed for the additional reason that Plaintiffs failed to state a claim because they have not established that they are small entities within the meaning of section 611. *See Silver v. IRS*, 531 F. Supp. 3d 346, 363, 365-66 (D.D.C. 2021) (granting summary judgment on RFA claim where plaintiff failed to show it qualified as a "small entity" under the statute).

## III.   Dismissal of Count IV Should Be With Prejudice.

The Court should dismiss Count IV of the Amended Complaint with prejudice because leave to amend has already been granted once and Plaintiffs' second attempt to plead their RFA claim fares no better than their first. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (leave to amend must be granted once if a more carefully drafted complaint might state a viable claim). Furthermore, leave to amend can be denied where amendment would be futile. *Maynard v. Bd. Of Regents of Div. of Univs. Of Fla. Dep't of Educ. Ex. rel. Univ. of S. Florida.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012). Here, because section 604 is

16

inapplicable to the Final Rule, there is no set of facts that Plaintiffs could allege to state a viable claim under section 604. Furthermore, Plaintiffs failed to include any facts to show that they are small entities entitled to bring a claim pursuant to section 611, even after the Magistrate Judge's suggestion that their prior pleading was insufficient in that regard. Plaintiffs have now twice alleged failed claims under the RFA and have never established that they fall within the small entity requirement of section 611. Thus, further amendments are futile and the Court should deny any further request by Plaintiffs for leave to amend.

## CONCLUSION

Wherefore, the Defendants respectfully request that this Court dismiss Count IV of the Amended Complaint, with prejudice.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

GLENN M. GIRDHARRY
Assistant Director

s/ Alexandra McTague
ALEXANDRA MCTAGUE

Trial Attorney
District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 532-4107
Alexandra.mctague2@usdoj.gov

*Attorneys for Defendants*