UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA GROWERS
ASSOCIATION, INC., *et al.*,

Plaintiffs,

v. Case No.: 8:23-cv-00889-CEH-CPT

JULIE A. SU, ACTING
SECRETARY OF LABOR, IN HER
OFFICIAL CAPACITY, *et al.*

Defendants.
__________________________________/

**ORDER**

This matter comes before the Court on Defendants' Motion to Lift the Stay and Dismiss the Amended Complaint as Moot (Doc. 123), filed on December 9, 2025. In the motion, Defendants request the Court to dismiss Plaintiffs' Amended Complaint because it challenges a 2023 Department of Labor rule that is no longer in effect. Doc. 123. Plaintiffs filed a response in opposition. Doc. 124. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Lift the Stay and Dismiss the Amended Complaint as Moot.

## I. BACKGROUND[1]

Plaintiffs allege that the Department of Labor ("DOL") violated the Administrative Procedure Act and the Regulatory Flexibility Act by finalizing a rule

[1] Unless stated otherwise, the following statement of facts is derived from the Amended Complaint (Doc. 78).

("the 2023 Rule")[2] that increases the wages of H-2A visa temporary agricultural workers. Doc. 78.

In their Motion to Lift the Stay and Dismiss the Amended Complaint as Moot (Doc. 123), Defendants argue that the case should be dismissed without prejudice as moot because the 2023 Rule that Plaintiffs challenge was enjoined and vacated nationwide by a final judgment issued on August 26, 2025 in the Western District of Louisiana. Doc. 123 at 2. In turn, the DOL issued an Interim Final Rule that took effect on October 2, 2025 ("the 2025 Interim Rule") and replaced the 2023 Rule. *Id.; See also Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States,* 90 FR 47914-01.

Plaintiffs respond in opposition to Defendants' motion, arguing that the 2025 Interim Rule reinstated key components of the 2023 Rule, and therefore, the case is not moot because the 2025 Interim Rule is not materially different from the 2023 Rule. Doc. 124.

Defendants filed a reply, arguing that the 2025 Interim Rule materially altered the 2023 Rule. Doc. 127.

## II. DISCUSSION

"Mootness arises when an issue presented in a case is 'no longer live or the parties lack a legally cognizable interest in the outcome.'" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (quoting *Powell v. McCormack*, 395 U.S.

[2] *See* Doc. 78-2; *Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 FR 12760-01.

486, 496 (1969)). In turn, "a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit...deprive the court of the ability to give the plaintiff...meaningful relief. *Keohane,* 952 F.3d at 1267 (quotation modified) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)); *See also Purpose Built Families Foundation, Inc. v. United States*, 95 F.4th 1346, 1352 (11th Cir. 2024) ("A case is moot when later events deprive the court of the power to grant meaningful relief") (cleaned up) (quoting *Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022)). Because mootness is jurisdictional, a moot case must be dismissed. *Purpose Built Families Foundation, Inc.,* 95 F.4th at 1352 (quoting *Djadju*, 32 F.4th at 1108); *See also Keohane*, 952 F.3d at 1267 ("Dismissal is required because mootness is jurisdictional in that a moot case no longer presents a live case or controversy within the meaning of Article III of the Constitution") (quotation modified) (citing *Al Najjar*, 273 F.3d at 1336; *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1217 (11th Cir. 2000); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) ("If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.") Specific to administrative agencies, a subsequent agency action can render moot a complaint that challenges that agency's rulemaking. *Purpose Built Families Foundation, Inc.*, 95 F.4th at 1353. A decision on the merits of a moot case or issue is an impermissible advisory opinion. *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217; *See also Purpose Built Families Foundation, Inc.,* 95 F.4th at 1352.

Here, the Amended Complaint challenges the 2023 Rule. *See* Doc. 78. However, the 2023 Rule was supplanted by the 2025 Interim Rule. *Compare Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 Fed. Reg. 12760 (Feb. 28, 2023) *with Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 90 Fed. Reg. 47914 (Oct. 2, 2025). Consequently, the Amended Complaint is moot because it challenges the 2023 Rule, which is no longer in effect.[3]

Plaintiffs argue the case is not moot because the 2025 Interim Rule contains the same "fatal flaws" as the 2023 Rule. Doc. 124 at 2. The Court agrees that "when an ordinance is repealed by the enactment of a superseding statute, then the superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law." *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000). However, the Amended Complaint names only the (now replaced) 2023 Rule and does not mention the 2025 Interim Rule. *See* Doc. 78. Therefore, as currently written, the operative complaint does not present a live case or controversy for this Court to consider. Of course, Plaintiffs are free to challenge the

---

[3] The Court has considered the DOL's argument that the 2023 Rule "is no longer in effect because it was enjoined and vacated **nationwide** by the Western District of Louisiana through a final judgment entered on August 26, 2025." Doc. 123 at 2 (emphasis added). However, the Court's review of the Louisiana injunction order reveals that the injunction was not nationwide. *See Teche Vermilion Sugar Cane Growers Association Inc., et al. v. Julie Su, et al.,* 6:23-cv-00831-RRS-CBW, Doc. 46. Instead, the injunction order applied only to the H-2A workers hired by the relevant, named entities in the Louisiana action who hire workers that grow, harvest, and process sugar cane in Louisiana. *Id.* Therefore, the Louisiana injunction did not negate the 2023 Rule as applied to the parties in this action.

2025 Interim Rule, but Plaintiffs must file a complaint that clearly and precisely identifies the 2025 Interim Rule as the challenged regulation. Here, the Amended Complaint is moot because it is directed towards an old rule that has been voided by its replacement.

Plaintiffs also contend that the voluntary cessation exception to the mootness doctrine applies, as the DOL agreed that components of the 2023 Rule were arbitrary and capricious only to evade a Louisiana lawsuit and this present action. Doc. 124 at 5. Plaintiffs are correct that a party's voluntary cessation of the challenged conduct does not ordinarily or automatically moot a case. *See Djadju,* 32 F.4th at 1108; *Purpose Built Families Foundation, Inc.*, 95 F.4th at 1353.; *See also Edwards v. Randolph County. Sheriff*, No. 25-10843, 2026 WL 2905460, at *6 (11th Cir. Sept. 28, 2026) ("Defendants cannot automatically moot a case by the simple expedient of suspending their challenged conduct after they are sued") (quotation modified). However, voluntary cessation does not apply to the case at hand for two reasons.

First, regarding Plaintiffs' reference to the Louisiana action, the district court in that case enjoined and vacated the 2023 Rule. Hence, with regard to the Louisiana case, the DOL did not *voluntarily* repeal the 2023 Rule. Instead, a court order forced the DOL to cease any enforcement of the regulation in that district. *See Teche Vermilion Sugar Cane Growers Association Inc.*, 6:23-cv-00831-RRS-CBW, Doc. 46.

Second, a government defendant is "given considerably more leeway … in the presumption that they are unlikely to resume illegal activities." *Edwards*, No. 25-10843, 2026 WL 2905460, at *7 (11th Cir. Sept. 28, 2026) (quoting *Coral Springs*, 371 F.3d at

1328-29). Although the Louisiana order enjoining and vacating the 2023 Rule was not a nationwide order, and, therefore, it does not enjoin any action in the case presently before this court, it remains that the DOL issued the 2025 Interim Rule only after a federal court forced it to nullify the 2023 Rule. Hence, this Court interprets the timing of the Louisiana injunction order and the issuance of the 2025 Interim Rule as an indication that the DOL's decision to publish the 2025 Interim Rule was not motivated by legal gamesmanship. But instead, by a responsibility to comply with a federal injunction. *See Edwards*, No. 25-10843, 2026 WL 2905460, at *7 (11th Cir. Sept. 28, 2026) (in assessing whether a change to a statute is genuine or merely an attempt to manipulate jurisdiction, a court should examine, *inter alia*, the timing of the statute's repeal).

Accordingly, the Court will grant the Government's motion to dismiss for mootness and will dismiss Plaintiffs' complaint without prejudice. *See, e.g., Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir.), cert. denied, 145 S. Ct. 225 (2024) ("Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice"). It is hereby

**ORDERED**:

1. Defendants' Motion to Lift the Stay and Dismiss the Amended Complaint as Moot (Doc. 123) is **GRANTED**.

2. The stay of this action is lifted.

3. Plaintiffs' Amended Complaint is **DISMISSED without prejudice**.

4. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on November 6, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any